**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ALTERIA SMITH, | |
| Plaintiff, | Case No.: 3:26-cv-878-SAL |
| v. | |
| DELGARDO OSEAN BLACKWOOD and SHORE AND SHORE HOLDINGS, LLC D/B/A SHORE & SHORE EXPRESS SHIPPING, | **COMPLAINT** (Jury Trial Demanded) |
| Defendants. | |

Plaintiff, by and through undersigned counsel, alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a citizen and resident of the State of Florida.

2.      Defendant DELGARDO OSEAN BLACKWOOD ("Blackwood") is a citizen and resident of the State of Georgia.

3.      Defendant SHORE AND SHORE HOLDINGS, LLC d/b/a SHORE & SHORE EXPRESS SHIPPING ("Shore & Shore") is a domestic corporation organized under the laws of the State of Illinois, with its principal place of business in Georgia, and is therefore a citizen of Georgia for diversity purposes.

4.      On the day of the subject crash, Shore & Shore was a federally-regulated motor carrier operating under DOT Number 1820147 subject to the Federal Motor Carrier Safety Regulations ("FMCSRs"), 49 C.F.R. Parts 350–399.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in Ballentine, South Carolina, within the Columbia Division of this Court.

## **FACTUAL ALLEGATIONS**

7.      On March 29, 2024, Plaintiff was lawfully stopped on the shoulder of the east bound lane of Interstate 26.

8.      At the same time and place, Blackwood was operating a tractor-trailer eastbound on Interstate 26) in Ballentine, South Carolina, in the course and scope of his employment with Shore & Shore.

9.      Blackwood was operating a tractor-trailer owned, leased, maintained, controlled, and/or dispatched by Shore & Shore.

10.     Without warning, and in violation of applicable traffic laws and federal safety regulations, Blackwood was driving too fast for conditions and ran off the road, smashing into the back of Plaintiff's truck causing Plaintiff's injuries.

11.     The roadway geometry, traffic conditions, and physical limitations of a tractor-trailer made such a maneuver unsafe, unreasonable, and foreseeably dangerous.

12.     Blackwood failed to control his speed to avoid colliding with a person, vehicle or other object.

13. Plaintiff sustained serious and permanent injuries and scarring, incurred significant medical expenses, lost wages and earning capacity, and endured physical pain, mental anguish, inconvenience, and loss of enjoyment of life.

14. At all relevant times, Blackwood was acting within the course and scope of his employment with Shore & Shore, and Shore & Shore is vicariously liable for his acts and omissions.

15. Shore & Shore is a for-hire motor carrier operating a commercial motor vehicle, a tractor trailer, while transporting property in interstate commerce at the time of the Crash.

16. Plaintiff was not an employee of Shore & Shore at the time of the Crash.

### FIRST CAUSE OF ACTION
(Negligence Against Defendant Blackwood)

17. Plaintiff adopts and realleges the preceding paragraphs.

18. Blackwood owed Plaintiff a duty to operate his commercial motor vehicle safely, lawfully, with reasonable care, and in compliance with state and federal safety laws.

19. Blackwood breached that duty by, among other things:

   a. Driving too fast for conditions;

   b. Failing to yield the right-of-way to Plaintiff's vehicle;

   c. Failing to maintain a proper lookout;

   d. Failing to account for the known limitations of his commercial vehicle;

   e. Operating the vehicle carelessly and recklessly.

20. As a direct and proximate result of Blackwood's negligence, Plaintiff sustained the injuries and damages described below.

### SECOND CAUSE OF ACTION

(Negligence *Per Se* Against Defendant Blackwood)

21.     Plaintiff adopts and realleges the preceding paragraphs.

22.     Blackwood violated applicable South Carolina traffic statutes governing lane change and right-of-way.

23.     Blackwood further violated the FMCSRs, including but not limited to 49 C.F.R. §§ 392.2 and 392.7.

24.     These statutes and regulations were enacted to protect the motoring public, including Plaintiff.

25.     Blackwood's statutory violations constitute negligence *per se* and were a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

26.     Shore & Shore is vicariously liable for the negligence *per se* of its employee and agent, Blackwood.

### THIRD CAUSE OF ACTION
(Gross Negligence, Recklessness, Willful and Wanton Conduct Against Defendant Blackwood)

27.     Plaintiff adopts and realleges the preceding paragraphs.

28.     In addition to the foregoing acts of negligence and negligence *per se*, Blackwood's conduct constituted recklessness, willfulness, and wantonness.

29.     Blackwood knowingly was driving too fast for conditions that posed an extreme and obvious risk to the public.

30.     Blackwood's conduct demonstrated a conscious disregard for the safety of others.

31.     Plaintiff is entitled to punitive damages pursuant to South Carolina law.

32.     Shore & Shore is vicariously liable for the reckless, willful, and wanton conduct of its employee and agent, Blackwood.

4

33.     As a direct and proximate result of Blackwood's reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Vicarious Liability, Respondeat Superior Against Defendant Shore & Shore)

34.     Plaintiff adopts and realleges the preceding paragraphs.

35.     Blackwood was acting within the course and scope of his agency or employment with Shore & Shore at all relevant times.

36.     Shore & Shore is vicariously liable for the negligent, negligent *per se*, reckless, willful, and wanton conduct of its agent and employee, Blackwood.

## FIFTH CAUSE OF ACTION
(Negligent Hiring, Training, Supervision, And Retention Against Defendant Shore & Shore)

37.     Plaintiff adopts and realleges the preceding paragraphs.

38.     Shore & Shore owed Plaintiff a duty to exercise reasonable care in the hiring, training, supervising, and retention of its drivers, including Blackwood.

39.     Shore & Shore breached these duties by hiring and retaining Blackwood despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

40.     Shore & Shore further breached that duty by failing to ensure Blackwood was properly trained in the safe operation of tractor-trailers, including compliance with federal motor carrier safety regulations, state law, and industry safety standards regarding prohibited and unsafe maneuvers, including lane changes.

41.     Shore & Shore also failed to adequately supervise and monitor Blackwood's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

42.     Plaintiff is entitled to recover actual and punitive damages against Shore & Shore for its direct negligence.

### SIXTH CAUSE OF ACTION
(Negligent Entrustment Against Defendant Shore & Shore)

43.     Plaintiff adopts and realleges the preceding paragraphs.

44.     Shore & Shore entrusted Blackwood with a tractor-trailer despite knowing or having reason to know he posed an unreasonable risk of harm to others.

45.     Plaintiff is entitled to recover actual and punitive damages against Shore & Shore for its direct negligence.

### SEVENTH CAUSE OF ACTION
(Negligent Maintenance, Policies, and Safety Management Against Defendant Shore & Shore)

46.     Plaintiff adopts and realleges the preceding paragraphs.

47.     Shore & Shore failed to implement and enforce adequate safety policies governing route planning, turning maneuvers, and urban driving.

48.     Shore & Shore violated its duties under 49 C.F.R. § 390.3(e) and related FMCSRs.

49.     Plaintiff is entitled to recover actual and punitive damages against Shore & Shore for its direct negligence.

### EIGHTH CAUSE OF ACTION
(Punitive Damages Against All Defendants)

50.     Plaintiff adopts and realleges the preceding paragraphs.

51.     Defendants' conduct was willful, wanton, reckless, and in conscious disregard of Plaintiff's rights.

52.     Plaintiff is entitled to punitive damages to punish Defendants and deter similar conduct.

## DAMAGES

53.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered damages recoverable under South Carolina law, including:

        a.     Past and future medical expenses;

        b.     Past and future pain and suffering;

        c.     Mental anguish and emotional distress;

        d.     Loss of enjoyment of life and impairment;

        e.     Permanent injury, permanent scarring and disability;

        f.     Lost wages and loss of earning capacity;

        g.     Household services and other out-of-pocket expenses;

        h.     Pre- and post-judgment interest as allowed by law; and

54.     Punitive damages for reckless, willful, and wanton conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs

of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

March 3, 2026
Charleston, South Carolina