UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ALTERIA SMITH, | ) | |
| | ) | Civil Action No. 3:26-CV-00878-SAL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS' ANSWER TO THE** |
| DELGARDO OSEAN BLACKWOOD | ) | **COMPLAINT** |
| AND SHORE AND SHORE HOLDINGS, | ) | |
| LLC D/B/A SHORE & SHORE EXPRESS | ) | **(Jury Trial Demanded)** |
| SHIPPING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants, Delgardo Osean Blackwood and Shore and Shore Holdings, LLC d/b/a Shore & Shore Express Shipping, answer the Complaint and respectfully assert the following:

## FOR A FIRST DEFENSE

1.    Each and every allegation of the Complaint not specifically admitted is denied.

## FOR A SECOND DEFENSE

2.    Defendants would respectfully show each and every cause of action set forth in the Complaint fails to state a claim upon which relief can be granted and, therefore, the Complaint should be dismissed.

## FOR A THIRD DEFENSE

3.    Defendants admit Paragraph 1 upon information and belief.

4.    Defendants admit Paragraph 2.

5.    In response to Paragraph 3, Defendant admits Shore and Shore Holdings, LLC is a limited liability corporation formed in the State of Georgia and has its principal place of business in the State of Georgia.

6. In response to Paragraph 4, Defendants admit Shore & Shore's DOT number was 182047. The remaining allegations are denied.

7. Defendants object to Paragraphs 5 and 6 as the same solely assert legal conclusions to which no response is required. To the extent a response is required, Defendants reserve all defenses to jurisdiction and venue.

8. Defendants lack sufficient information and/ or knowledge to admit and deny Paragraph 7, therefore the same is denied and Defendants demand strict proof.

9. Defendants object to the allegations in Paragraph 8 on the grounds it calls for a legal conclusion and special definitions as to agency, scope and course of work. To the extent a response is required, Defendants admit Defendant Blackwood was operating a tractor-trailer leased by Defendant Shore & Shore.

10. Defendants admit Paragraph 9.

11. Defendants deny Paragraph 10.

12. Defendants deny Paragraph 11.

13. Defendants deny Paragraph 12.

14. Defendants lack sufficient information and/ or knowledge to admit and deny Paragraph 13, therefore the same is denied and Defendants demand strict proof.

15. Defendants object to the allegations in Paragraph 14 on the grounds it calls for a legal conclusion and special definitions as to agency, scope and course of work. To the extent a response is required, Defendants deny Paragraph 14.

16. Defendants deny Paragraph 15.

17. Defendants deny Paragraph 16.

18. In response to Paragraph 17, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

19. Defendants object to Paragraph 18 as it calls for a legal conclusion concerning duties owed. Subject to and without waiving said objection, Defendants admit they owe duties required by law, assumed under contract, and/or not otherwise waived. Defendants deny the remaining allegations of Paragraph 18.

20. Defendants deny Paragraph 19, including subparts (a) through (e).

21. Defendants deny Paragraph 20.

22. In response to Paragraph 21, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

23. Defendants deny Paragraph 22.

24. Defendants deny Paragraph 23.

25. Defendants deny Paragraph 24.

26. Defendants deny Paragraph 25.

27. Defendants deny Paragraph 26.

28. In response to Paragraph 27, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

29. Defendants deny Paragraph 28.

30. Defendants deny Paragraph 29.

31. Defendants deny Paragraph 30.

32. Defendants deny Paragraph 31.

33. Defendants deny Paragraph 32.

34. Defendants deny Paragraph 33.

35.     In response to Paragraph 34, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

36.     Defendants object to the allegations in Paragraph 35 on the grounds it calls for a legal conclusion and special definitions as to agency, scope and course of work. To the extent a response is required, Defendants deny Paragraph 35.

37.     Defendants deny Paragraph 36.

38.     In response to Paragraph 37, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

39.     Defendants object to Paragraph 38 as it calls for a legal conclusion concerning duties owed. Subject to and without waiving said objection, Defendants admit they owe duties required by law, assumed under contract, and/or not otherwise waived. Defendants deny the remaining allegations of Paragraph 38.

40.     Defendants deny Paragraph 39.

41.     Defendants deny Paragraph 40.

42.     Defendants deny Paragraph 41.

43.     Defendants deny Paragraph 42.

44.     In response to Paragraph 43, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

45.     Defendants deny Paragraph 44.

46.     Defendants deny Paragraph 45.

47.     In response to Paragraph 46, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

48.     Defendants deny Paragraph 47.

49. Defendants deny Paragraph 48.

50. Defendants deny Paragraph 49.

51. In response to Paragraph 50, Defendants reassert and reallege each and every Paragraph above and its prior pleadings as it fully set forth herein verbatim.

52. Defendants deny Paragraph 51.

53. Defendants deny Paragraph 52.

54. Defendants deny Paragraph 53, including subparts (a) through (h).

55. Defendants deny Paragraph 54.

56. Defendants deny Plaintiff's WHEREFORE clause.

## FOR A FOURTH DEFENSE

57. Defendants would show any injury and damage sustained by Plaintiff were due to and caused by the sole negligence and/or wilfulness of Plaintiff and, therefore, Defendants are not liable to Plaintiff for any sum whatsoever.

## FOR A FIFTH DEFENSE

58. Defendants plead the law and doctrine of comparative negligence and alleges the negligence and recklessness of Plaintiff were greater than the negligence, if any, which might be established against Defendants and, therefore, Plaintiff is barred from any recovery in this action. Defendants further allege any injury and damage sustained by Plaintiff was due to and caused by the negligence and/or wilfulness of Plaintiff combining, concurring, and contributing with the negligence and/or wilfulness, if any, on the part of Defendants and, therefore, any amount of recovery awarded to Plaintiff for the injuries and damages alleged in the Complaint shall be reduced by the Court by the percentage of negligence and/or wilfulness attributed to Plaintiff.

**FOR A SIXTH DEFENSE**

59.     Plaintiff has failed to mitigate her damages and has incurred damages that were unnecessary or unreasonable in amount.  Plaintiff is, therefore, barred in whole or part from recovery in this case.

**FOR A SEVENTH DEFENSE**

60.     The Defendants would show the claim for punitive damages cannot be had because any award of punitive damages would violate the Defendants' equal protection and due process rights as guaranteed by the United States and South Carolina Constitutions.

**FOR A          DEFENSE**

61.     Defendants would show the claim of Plaintiff for punitive damages cannot be had because any award of punitive damages under South Carolina law without bifurcation of the trial so that any punitive damage issues are tried only after and if liability on the merits of this action has been found will violate Defendant due process rights guaranteed by the United States Constitution and the South Carolina Constitution, and would violate the common law and public policy of the State of South Carolina.

62.     Defendants would show the claim of Plaintiff for punitive damages cannot be had because an award of punitive damages under South Carolina law without being subject to a predetermined limit on the amount of punitive damages that a jury might impose would violate Defendant due process rights guaranteed by United States Constitution and the South Carolina Constitution, and would violate the common law of the State of South Carolina.

63.    Defendant would show the claim of Plaintiff for punitive damages cannot be had because an award of punitive damages under South Carolina law by a jury that is not:

(a)    Provided with sufficiently clear standards for determining the appropriateness of a punitive damage award or the size of such award;

(b)    Provided with adequate instructions as to the limits of punitive damage awards as determined by the principles underlying such an award;

(c)    Instructed that awarding punitive damages on individually discriminatory characteristics of Defendants is improper;

(d)    Instructed to consider punitive damages under a standard for determining the amount that is neither vague, arbitrary, nor capricious and that defines with reasonable clarity the actions of the Defendants upon which an award of punitive damages may be based; and

(e)    Subjected to judicial review at both the trial and appellate court level under objective standards for determining appropriateness and reasonableness;

would violate Defendants' equal protection and due process rights as guaranteed by the United States Constitution and the South Carolina Constitution and would also violate the laws of the State of South Carolina.

**BIFURCATION REQUESTED – S.C. CODE ANN. § 15-32-520**

64.    Pursuant to S.C. Code Ann§ 15-32-520, the Defendants hereby request trial bifurcation on the issues of actual damages and punitive damages.

WHEREFORE, having fully answered, Defendants pray that the Complaint be dismissed, for the costs of defending this action, and for such other relief as the Court and jury deem just and proper.

MCANGUS GOUDELOCK & COURIE, LLC

s/Brett H. Bayne
BRETT H. BAYNE (Federal Bar No. 11857)
brett.bayne@mgclaw.com
LAUREN T. MODZELEWSKI (Federal Bar No. 13984))
lauren.modzelewski@mgclaw.com
1320 Main Street, 10th Floor
Columbia, South Carolina 29201
Telephone: (803) 779-2300
Facsimile: (803) 748-0526
ATTORNEYS FOR DELGARDO OSEAN BLACKWOOD and SHORE AND SHORE HOLDINGS, LLC D/B/A SHORE & SHORE EXPRESS SHIPPING

May 12, 2026