# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

## Civil Action No. 3:26-cv-00878-SAL

### JUDGE SHERRI A. LYDON

# NOTICE TO COUNSEL

The attached Conference and Scheduling Order sets a number of important deadlines required by the Federal Rules of Civil Procedure and the Local Civil Rules of the District of South Carolina. In addition, this order provides special instructions as to the following matters:

1. Confidentiality orders;
2. Motions related to discovery; and
3. Mediation.

The parties are reminded that a scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

The Local Civil Rules for the District of South Carolina, as well as forms and other important information, are available on this District's website at:

# www.scd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| Alteria Smith, | ) | Civil Action No. 3:26-cv-00878-SAL |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **CONFERENCE** |
| v. | ) | **AND SCHEDULING ORDER** |
|  | ) |  |
| Delgardo Osean Blackwood; Shore and | ) |  |
| Shore, LLC d/b/a Shore & Shore Express | ) |  |
| Shipping, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this District, the Court hereby establishes the following schedule for this case.

1.    Rule 26(f) Conference: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **June 02, 2026**.[1] At the conference, the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f); whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary; and whether a confidentiality order is necessary and appropriate.[2]  The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, appended hereto.

2.    Rule 26(a)(1) Initial Disclosures: The parties shall exchange the required initial disclosures[3]

---

[1] Plaintiffs' counsel shall initiate scheduling of the Fed. R. Civ. P. 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2]  If the parties determine that a confidentiality order is necessary and appropriate, they should utilize the form found on the court's website (www.scd.uscourts.gov). Instructions for use of the form order are also located on the website. The parties may propose modifications, but such changes shall be drawn to the court's attention. Queries regarding use of the form should be directed to Judge Lydon's office.

[3] Pursuant to Fed. R. Civ. P. 26(a)(l), the parties may, by stipulation, agree not to make some or

under Fed. R. Civ. P. 26(a)(l) no later than fourteen (14) days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order.

3.    Rule 26(f) Report: No later than **June 16, 2026,** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queriers to be answered in the Rule 26(f) Report.

4.    Certification of Familiarity with Local Rules: Each party must certify that they have read and are familiar with the Local Civil Rules for the District of South Carolina. **The certification must be signed by each attorney appearing on behalf of the party and must state that each attorney appearing has reviewed and is familiar with the Local Rules.** The parties must file the certification as an attachment to their Rule 26(f) Report.

5.    Amendment of Pleadings: Any motions to join other parties and to amend the pleadings shall be filed by **July 27, 2026**.

6.    Expert Disclosures:

   A.    Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **August 21, 2026**.

   B.    Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel has been disclosed to the other parties by **September 21, 2026**.

7.    Discovery: Discovery shall be completed no later than **November 09, 2026**. All discovery requests shall be served in time for the responses thereto to be served by this date.  De bene esse depositions must be completed by the discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 (D.S.C.) and have had a telephone conference with Judge Lydon in an attempt to resolve the matter informally. The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion. Attorneys should send a request for a telephone conference via e-mail to** lydon_ecf@scd.uscourts.gov**. The parties shall set forth their respective**

---

all of the Rule 26(a)(l) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29; Local Civil Rule 29.01 (D.S.C.).

**positions in their request.**

8.      Motions: All dispositive motions, *Daubert* motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than *Daubert* motions), shall be filed on or before **November 23, 2026**. **Parties must file complete copies of any deposition transcripts they wish to use as exhibits.**

9.      Stipulation of Undisputed Facts:  The parties shall file a joint stipulation of undisputed facts seven days prior to the deadline to file all dispositive motions.

10.     Mediation: Mediation shall be completed in this case on or before **December 07, 2026**.  *See* Judge Lydon's Standing Order to Conduct Mediation (setting forth mediation requirements).

11.     Trial: This case will go to trial on or after the **February 2027** term of court. Counsel, parties, and witnesses should plan their schedules, including vacations, accordingly.

The parties' attention is specifically directed to Local Civil Rule 5.03 (D.S.C.) regarding the filing of confidential material.  The parties' attention is also directed to the court's website regarding instructions or other orders that may be applicable to your case.

s/Sherri A. Lydon
United States District Judge

Dated: May 13, 2026
Columbia, South Carolina

AO 85 (Rev. 02/17) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br><br> v. <br><br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> )  Civil Action No. <u>3:26-cv-00878-SAL</u> <br> ) <br> ) <br> ) <br> ) |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:    Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

## ORDER TO CONDUCT MEDIATION

A mediation is to be completed in this matter in accordance with the time limits set forth in the scheduling order issued in this case.  Upon completion of the mediation, counsel shall advise the court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

Attorneys primarily responsible for handling the trial, parties, and/or insurance representatives with full settlement authority[1] are **ORDERED** to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered.  At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. *See* Local Civil Rule 16.09 (D.S.C.).

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408, Local Civil Rule 16.08(C) (D.S.C.), and Federal Rule of Civil Procedure 68.  If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, *See* Local Civil Rules 16.08(c) and 16.10(H) (D.S.C.), except as allowed by Local Rule 26.05(F) (D.S.C.).

If any reason exists why any person, party, or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately. Notices have been mailed to all counsel of record and any *pro se* parties.  Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

**IT IS SO ORDERED.**

s/Sherri A. Lydon
United States District Judge

Dated: May 13, 2026
Columbia, South Carolina

---

[1] "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
<u>COLUMBIA</u> DIVISION

|  |  |  |
|---|---|---|
| | ) | CA  <u>3:26-cv-00878-SAL</u> |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **RULE 26(f) REPORT** |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

       The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____       We agree that the schedule set forth in the Conference and Scheduling Order filed _____ is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____       We agree that the schedule set forth in the Conference and Scheduling Order filed _____ requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use format of the court's standard scheduling order attached hereto). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____       We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

<table>
<tr><td align="center">PLAINTIFF(S)</td><td align="center">DEFENDANT(S)</td></tr>
</table>

| | |
|---|---|
| *Signature of Plaintiff's Counsel* | *Signature of Defendant's Counsel* |
| *Printed Name of Plaintiff's Counsel and Party Represented* | *Printed Name of Defendant's Counsel and Party Represented* |
| *Signature of Plaintiff's Counsel* | *Signature of Defendant's Counsel* |
| *Printed Name of Plaintiff's Counsel and Party Represented* | *Printed Name of Defendant's Counsel and Party Represented* |
| *Signature of Plaintiff's Counsel* | *Signature of Defendant's Counsel* |
| *Printed Name of Plaintiff's Counsel and Party Represented* | *Printed Name of Defendant's Counsel and Party Represented* |
| *Signature of Plaintiff's Counsel* | *Signature of Defendant's Counsel* |
| *Printed Name of Plaintiff's Counsel and Party Represented* | *Printed Name of Defendant's Counsel and Party Represented* |

*Dated:* _____        *Dated:* _____