UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ALTERIA SMITH, | ) | |
| | ) | Civil Action No. 3:26-CV-00878-MGL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS ANSWERS TO LOCAL** |
| | ) | **RULE 26.03 INTERROGATORIES** |
| DELGARDO OSEAN BLACKWOOD | ) | |
| AND SHORE AND SHORE HOLDINGS, | ) | |
| LLC D/B/A SHORE & SHORE EXPRESS | ) | |
| SHIPPING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Civ. Rule 26.03 (D.S.C.), Defendants Delgardo Osean Blackwood and Shore and Shore Holdings, LLC d/b/a Shore & Shore Express Shipping, by and through its undersigned counsel, submit the following answers:

**(1)      A short statement of the facts of the case:**

**ANSWER:** This action arises out of motor vehicle collision on March 29, 2024 on Interstate 26 in Ballentine, South Carolina. According to the Complaint, the Plaintiff was stopped on the shoulder in the east bound lane of Interstate 26. At the same time, Defendant Blackwood, operated a motor vehicle by Defendant Shore and Shore Holdings, LLC d/b/a Shore & Shore Express Shipping, in the east bound lane on I-26. Defendant rear-ended the Plaintiff's vehicle. Plaintiff has asserted a negligence cause of action against both Defendants for the subject motor vehicle incident. Plaintiff is seeking both actual and punitive damages.

Defendants timely filed an Answer on May 12, 2026 denying all allegations asserted against them. Furthermore, Defendants asserted various affirmative defenses, which included comparative negligence, failure to mitigate damages and challenges to punitive damages.

**(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**ANSWER:** The Defendants are still working to identify witnesses that may or may not be called at trial. Subject to amendment, Defendants believe the following will testify:

a.     Plaintiff;

b.     A representative of the Defendant Shore and Shore Holdings, LLC d/b/a Shore & Shore Express Shipping;

c.     Defendant Delgardo Osean Blackwood;

d.     Other fact and/or expert witnesses with knowledge of the facts and circumstances relevant to the allegations set forth in the Complaint.

Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of South Carolina.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered.**

**ANSWER:**  Defendant has not yet identified any expert witnesses who may testify at trial. Defendant anticipates that it may retain experts regarding Plaintiffs' claims.

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**ANSWER:**  Defendant, Aldi (N.C.) LLC, filed an Answer denying all liability for this incident, denying any breach of duty owed, and asserting the following affirmative defenses:

a)  Plaintiff must prove each element of negligence separately by preponderance of evidence. *Crowley v. Spivey*, 285 S.C. 397, 329 S.E.2d 779, 780 (Ct. App. 1985);

b) An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence. *Rogers v. S.C. Dep't of Parole & Community Corrections,* 320 S.C. 253, 464 S.E.2d 330 (1995);

c) Under South Carolina common law, there is no general duty to control the conduct of another. *Madison v. Babcock Ctr., Inc.*, 371 S.C. 123, 638 S.E.2d 650 (2006);

d) No inference of negligence arises from the mere fact of injury. *Snow v. City of Columbia,* 305 S.C. 544, 555, 409 S.E.2d 797, 803 (Ct. App. 1991);

e) Comparative Negligence. *See Wilson v. Marshall*, 260 S.C. 271, 195 S.E.2d 610 (1973);

f) Mitigation of Damages. *See Nestler v. Fields*, 426 S.C. 34, 824 S.E.2d 461 (2018);

g) Punitive Damages, if awarded, must be capped and subject to a mandatory ratio. See S.C. Code Ann. §15-32-530.;

h) Punitive Damages violate Defendant's due process rights guaranteed by the United States Constitution and South Carolina Constitution;

i) Punitive damages inappropriate in absence of gross negligence. *Sturcken v. Richland Oil Co.,* 248 S.C. 355, 359, 150 S.E.2d 341, 342 (1966).

Defendants reserve the right to utilize all applicable law as its application becomes known to Defendants.

**(5)     Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. R. 16.02 (D.S.C.):**

**ANSWER:** Based on the Parties conversation and per the Rule 26(f) report jointly

submitted, the following deadlines are proposed:

- All joinder motions must be filed by October 11, 2026

- Plaintiff's expert witness disclosure by November 8, 2026.

- Defendant's expert witness disclosure by September 8, 2026.

- Identification of record's custodian witnesses by September 8, 2026..

- Discovery completed by February 7, 2027.

- Dispositive Motions and Daubert Motions by February 22, 2027.

- Motions in limine are to be filed by May 23, 2027.

- Pre-trial disclosures are to be filed no later than May 9, 2027

- Trial not before June 13, 2027.

**(6)     Any special circumstances which would affect the time frames applied in preparing the Scheduling Order.**

**ANSWER:**  None at the present time.

**(7)     Any additional information requested in Pre-Scheduling Order (Local Civil Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

**ANSWER:** None known.

Defendant specifically reserves the right to supplement and/or amend its answers as discovery progresses in this case.

MCANGUS GOUDELOCK & COURIE, LLC

s/Brett H. Bayne
BRETT H. BAYNE (Federal Bar No. 11857)
brett.bayne@mgclaw.com
LAUREN T. MODZELEWSKI (Federal Bar No. 13984)

lauren.modzelewski@mgclaw.com
1320 Main Street, 10th Floor
Columbia, South Carolina 29201
Telephone: (803) 779-2300
Facsimile: (803) 748-0526
ATTORNEY FOR DELGARDO OSEAN
BLACKWOOD and SHORE AND SHORE
HOLDINGS, LLC D/B/A SHORE & SHORE
EXPRESS SHIPPING

June 18, 2026