**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ALTERIA SMITH,<br><br>                             *Plaintiff,*<br><br>vs.<br><br>DELGARDO OSEAN BLACKWOOD AND SHORE AND SHORE HOLDINGS, LLC D/B/A SHORE & SHORE EXPRESS SHIPPING,<br><br>                           *Defendants.* | Case No.: 3:26-cv-00878-MGL<br><br><br>**PLAINTIFF'S ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |

    **I.**       **Local Civ. Rule 26.03 (D.S.C.) Disclosures**

1.     **Short statement of the facts of the case:**

RESPONSE:  This action arises from a tractor-trailer versus tractor-trailer collision which occurred on March 29, 2024.  Alteria Smith was the driver of a tractor-trailer which was stopped on the side of Interstate 26 in Richland County. Defendant Delgardo Osean Blackwood was driving in the right lane on the same roadway operating a tractor-trailer on behalf of Shore and Shore Holdings, LLC D/B/A Shore & Shore Express Shipping. The Crash occurred when Defendant Blackwood's truck left the roadway and struck Plaintiff's truck from the rear. Due to the collision, Plaintiff suffered bodily injury and has undergone medical treatment.

2.     **Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

RESPONSE:

Plaintiff Alteria Jacquette Smith

Ms. Smith is expected to testify as to her knowledge of the facts and circumstances surrounding the subject collision, the nature and extent of her injuries, her subsequent medical treatment, and the other elements of damage she suffered.

Representatives of Shore and Shore Holdings, LLC D/B/A Shore & Shore Express Shipping

Representatives of Shore and Shore Holdings, LLC D/B/A Shore & Shore Express Shipping are expected to testify regarding the hiring, training, and supervision of Delgardo Osean Blackwood. Additionally, the representatives are expected to testify regarding the policies and procedures implemented to monitor and supervise their drivers.

Defendant Delgardo Osean Blackwood

Mr. Blackwood is expected to testify as to his knowledge of the facts and circumstances surrounding the subject collision.

Cpl. M.E. Montes Vera c/o SCHP Troop One

Cpl. Montes Vera is the law enforcement officer who investigated the subject incident. Cpl. Montes Vera is expected to testify regarding his investigation of the Crash.

3.     **The names and subject matter of expert witnesses:**

RESPONSE:   Plaintiff has not retained any experts expected to testify at this time. Plaintiff expects to call Plaintiff's treating doctors to testify under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. Additionally, Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care.

4.     **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an

undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

**5.      Proposed Deadlines:**

RESPONSE: See the Consent Proposed Amended Scheduling Order submitted by Defendants.

**6.      Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

RESPONSE: Plaintiff is not aware of any special circumstances at this time.

**7.      Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

RESPONSE:   Plaintiff consents to a trial before a United States Magistrate Judge at this time.

[*Signature on Following Page*]

**MORGAN & MORGAN, P.A.**

/s/ Cooper Klaasmeyer
JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal ID:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone:     (843) 973-5186
Fax:               (843) 973-5208
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

June 25, 2026
North Charleston, SC