**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| ALTERIA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DELGARDO OSEAN BLACKWOOD and SHORE AND SHORE HOLDINGS, LLC D/B/A SHORE & SHORE EXPRESS SHIPPING,<br><br>Defendants. | Civil Action No. 3:26-cv-00878-MGL<br><br>**PLAINTIFF'S RULE 26(a)(2) EXPERT WITNESS DISCLOSURES** |

Plaintiff Alteria Smith, by and through undersigned counsel, makes the following disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and Paragraph 3 of the Consent Amended Scheduling Order (ECF No. 21).

## I. RETAINED EXPERTS

Plaintiff has not retained or specially employed any witness to provide expert testimony in this case.

## II. NON-RETAINED TREATING PROVIDERS — RULE 26(a)(2)(C)

The following health care providers examined or treated Plaintiff after the collision of March 29, 2024. None has been retained or specially employed to provide expert testimony, and none is required to provide a written report. Each may offer testimony under Federal Rules of Evidence 702, 703, and 705 based on the provider's education, training, experience, and personal examination and treatment of Plaintiff. Each provider's opinions are those formed during the course of treatment and reflected in the provider's records, which have been produced in discovery and are incorporated by reference.

**Subject matter common to all providers.** Each provider is expected to testify regarding the history Plaintiff gave; her complaints and symptoms; examination findings; diagnostic studies ordered or reviewed; diagnoses; the treatment rendered and recommended; Plaintiff's response to treatment; and the reasonableness and necessity of the provider's treatment and charges, causation of injury related to the subject collision, and permanency of injury.

1. **Zachary Logan Hardy, M.D.**
Prisma Health Baptist Parkridge Hospital
400 Palmetto Health Parkway
Columbia, South Carolina 29212

*Subject matter:* Emergency medicine; Plaintiff's emergency evaluation on March 29, 2024.

*Summary of facts and opinions:* Dr. Hardy evaluated Plaintiff in the emergency department on the day of the collision after she arrived by ambulance. Plaintiff reported that she was the restrained driver of a parked tractor-trailer struck from behind, and complained of bilateral knee pain and low back pain. Dr. Hardy diagnosed musculoskeletal pain, prescribed a muscle relaxant, and discharged her in stable condition. He is expected to testify that the evaluation and treatment were reasonable and necessary and that the charges of $1,306.00 were reasonable.

2. **Zachary L. Stanton, D.O.**
HCA Florida Capital Hospital – Southwood Emergency
2674 Capital Circle SE
Tallahassee, Florida 32311

*Subject matter:* Emergency medicine; Plaintiff's emergency evaluation on April 6, 2024.

*Summary of facts and opinions:* Dr. Stanton evaluated Plaintiff for increasing headaches and generalized body aches one week after the collision. A CT scan of the head was negative. He diagnosed headache, prescribed a muscle relaxant and analgesic, and discharged her. He is expected to testify that the evaluation and treatment were reasonable and necessary and that the charges of $13,960.10 were reasonable.

**3. Joseph D. Miller, D.C.**
Tallahassee Spine Center
1931 Welby Way, Suite 1
Tallahassee, Florida 32308

*Subject matter:* Chiropractic medicine; evaluation and treatment of Plaintiff's cervical, thoracic, and lumbar spine and headaches from May 28, 2024 through September 2024.

*Summary of facts and opinions:* Dr. Miller first examined Plaintiff on May 28, 2024. Plaintiff reported that she was asymptomatic before the collision and that she developed headaches, neck pain radiating into both upper extremities, mid-back pain, and low back pain radiating into both hips. Examination revealed tenderness, spasm, reduced range of motion, and positive orthopedic findings in the cervical, thoracic, and lumbar spine. Dr. Miller diagnosed headache, cervical and lumbar radiculopathy, cervical and lumbar facet syndrome, and thoracic segmental dysfunction; ordered cervical and lumbar MRIs; provided chiropractic treatment; and referred Plaintiff for orthopedic and pain management evaluation. On August 29, 2024, he found that Plaintiff had reached maximum medical improvement from chiropractic care with continuing complaints. He is expected to testify that the conditions he treated are consistent with, and related to, the collision of March 29, 2024, that Plaintiff sustained a permanent injury due to the subject collision that will require treatment in the future, that his treatment was reasonable and necessary, and that his charges of $2,426.02 were reasonable.

**4. Jose Pizarro, M.D.**
Stand-Up MRI of Tallahassee
2332 Capital Circle NE
Tallahassee, Florida 32308

*Subject matter:* Diagnostic radiology; interpretation of Plaintiff's cervical and lumbar MRIs of June 3, 2024.

*Summary of facts and opinions:* Dr. Pizarro is expected to testify consistent with his reports. The cervical MRI showed straightening of the cervical lordosis; disc herniations at C3-4, C4-5, C5-6, and C6-7 impinging on the thecal sac; annular fissuring at C3-4 and C6-7; and, at C6-7, mild to moderate canal stenosis and bilateral foraminal narrowing with nerve root impingement. The lumbar MRI showed straightening of the lumbar lordosis; bulging discs at L3-4 and L4-5; and a central disc herniation at L5-S1 with annular fissuring and mild canal stenosis. He is expected to testify, as stated in his reports, that straightening of the lordosis can be seen with muscle spasm from ligamentous sprain or disc injury and that annular fissuring can represent acute or subacute disc injury. He is further expected to testify that the charges of $3,200.00 were reasonable.

5. **Ralph S. Stoetzel, M.D.**
North Florida Sports Medicine & Orthopaedic Center
1911 Miccosukee Road
Tallahassee, Florida 32308

*Subject matter:* Orthopedic surgery; evaluation and treatment of Plaintiff's neck, back, and upper extremity complaints on June 11, 2024, August 7, 2024, and September 25, 2024, including visits with Brittany M. Lee, PA, under his supervision.

*Summary of facts and opinions:* Plaintiff presented on referral from Dr. Stoetzel with headaches, neck and back pain, and numbness and tingling in both upper extremities. Examination showed cervical tenderness, painful range of motion, and decreased grip strength. Cervical radiographs and the June 3, 2024 MRIs were reviewed. Diagnoses included cervical pain with multilevel disc bulging, C6-7 disc herniation, and bilateral upper extremity numbness and tingling. Medications were prescribed and electrodiagnostic testing was ordered. After that testing, Dr. Stoetzel diagnosed bilateral carpal and cubital tunnel syndrome and offered surgical release, which Plaintiff declined, and he concurred with referral to pain management. On September 25, 2024, Plaintiff was evaluated for low back pain with lower extremity symptoms; lumbar radiographs

were taken and she was diagnosed with low back pain and an L4-5 disc bulge. On December 18, 2024, Dr. Stoetzel released Plaintiff to return to work without restrictions. He is expected to testify that the conditions he treated are consistent with, and related to, the collision, that Plaintiff sustained a permanent injury due to the subject collision that will require treatment in the future, that his treatment was reasonable and necessary, and that the charges of $2,195.00 were reasonable.

**6.** **Bill G. Heyser, D.C., M.D.**
Heyser Chiropractic Neurology
2457 Care Drive, Suite A101
Tallahassee, Florida 32308

*Subject matter:* Electrodiagnostic testing of Plaintiff's upper extremities on July 17, 2024.

*Summary of facts and opinions:* Dr. Heyser performed EMG and nerve conduction studies of both upper extremities. He is expected to testify consistent with his report that the studies showed bilateral carpal tunnel syndrome and bilateral ulnar neuropathy that was caused by the subject collision, and that the charges of $1,950.00 were reasonable.

**7.** **Windrik Lynch, M.D.**
Tallahassee Neurological Pain Management
1401 Centerville Road, Suite 300
Tallahassee, Florida 32308

*Subject matter:* Interventional pain management; Plaintiff's evaluation on August 6, 2024, including the examination by Kelsey Harper, PA-C, under his supervision.

*Summary of facts and opinions:* Plaintiff presented with worsening neck pain, headaches, and low back pain following the collision. Examination showed painful and limited cervical range of motion with tenderness. Dr. Lynch diagnosed cervical facet syndrome, recommended cervical medial branch blocks at C2 through C4, and prescribed medication. He is expected to testify that the evaluation and recommended treatment were reasonable and necessary, that the condition he

diagnosed is consistent with, and related to, the collision, that Plaintiff sustained a permanent injury due to the subject collision, and that the charges of $553.00 were reasonable.

**8. Maximilian Shokat, D.O.**
Southern Interventional Pain Center
615 South Hansell Street
Thomasville, Georgia 31792

*Subject matter:* Interventional pain management; Plaintiff's evaluation on August 7, 2025, including the examination by Jonathan Tarin, NP.

*Summary of facts and opinions:* Plaintiff presented with continuing neck pain, back pain, and bilateral knee pain that she related to the collision. Examination showed cervical and lumbar tenderness, painful range of motion, and a positive straight leg raise. Diagnoses were neck pain with bilateral upper extremity radiation and low back pain with bilateral lower extremity radiation. Lumbar epidural steroid injections and a back brace were discussed. Dr. Shokat is expected to testify that the evaluation and recommended treatment were reasonable and necessary, that the conditions he diagnosed are consistent with, and related to, the collision, and that the charges of $476.70 were reasonable.

## III. RESERVATION

Plaintiff reserves the right to supplement these disclosures under Rule 26(e) as treatment continues and additional records are received; to elicit opinion testimony from any provider identified in Plaintiff's medical records or disclosed by any other party; to call and elicit opinion testimony from any expert disclosed by any other party; and to call rebuttal witnesses as permitted by Rule 26(a)(2)(D)(ii).

Respectfully submitted,

MORGAN & MORGAN, P.A.

*s/ Cooper Klaasmeyer*
James G. Biggart II (Federal ID No. 14195)
Cooper Klaasmeyer (Federal ID No. 14272)
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
(843) 973-5438
Cooper.klaasmeyer@forthepeople.com
Attorneys for Plaintiff

November 13, 2026
North Charleston, South Carolina

## CERTIFICATE OF SERVICE

I certify that on November 10, 2026, the foregoing was filed through the Court's CM/ECF system, which will send notice to all counsel of record, including:

Brett H. Bayne
Lauren T. Modzelewski
McAngus Goudelock & Courie, LLC
1320 Main Street, 10th Floor
Columbia, South Carolina 29201
brett.bayne@mgclaw.com
lauren.modzelewski@mgclaw.com
Attorneys for Defendants

/s/ James G. Biggart II
James G. Biggart II